# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2, 2021 Session

## WILMINGTON SAVINGS FUND SOCIETY, ET AL. V. ESTATE OF SALLIE L. MILLER

**Appeal from the Circuit Court for Knox County**
No. 1-376-19      Kristi M. Davis, Judge

_____

## No. E2020-00717-COA-R3-CV
_____

This is a detainer action concerning real property owned by the decedent and sold at a trustee's sale. The trial court granted possession of the property to the purchaser. We now affirm the decision on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and ARNOLD B. GOLDIN, J., joined.

Ester Franklin, Knoxville, Tennessee, Pro Se.

Christopher K. Baxter, Dallas, Texas, for the appellee, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust.

# MEMORANDUM OPINION[1]

On December 17, 1998, Sallie L. Miller ("Decedent") executed a loan for $56,000 secured by a deed of trust on the real property at issue. The deed of trust provided for regular monthly payments with a final balloon payment of $42,392.70, or an amount commensurate with the balance of the mortgage, due on January 1, 2014. Prior to her passing, Decedent allowed her niece, Ester Franklin ("Franklin"), to assume the payments on the mortgage through Select Portfolio Services ("SPS") in 2002. Franklin claims that Decedent later agreed to sell her the home but that SPS never provided the necessary paperwork to her mortgage lender to complete the sale. Decedent filed a quitclaim deed, transferring the property to Franklin on March 1, 2010.

Decedent died on November 8, 2010. Franklin provided SPS with notice of Decedent's passing, and SPS advised her to continue making payments. An estate was opened in the probate court, and a notice to creditors was provided to SPS in 2013. SPS did not submit a claim.

The record reflects that Franklin did not submit the balloon payment as required pursuant to the deed of trust on January 1, 2014. SPS transferred the mortgage to Rushmore Management ("Rushmore") at some point in 2015. According to Franklin, Rushmore refused payment from her and provided her with a notice of foreclosure.

The deed of trust was foreclosed by the substitute trustee. A substitute trustee's deed was recorded on November 19, 2018, vesting the property in Wilmington Savings Fund Society ("Wilmington"). Wilmington provided Franklin with a notice to quit and a demand for possession. Wilmington filed this detainer action in General Sessions Court and was granted possession in 2019. Franklin appealed the ruling to Circuit Court, where Wilmington moved for summary judgment.

During the pendency of the proceedings, Franklin secured a pre-qualification letter, dated February 12, 2020, as proof of her ability to secure a loan in the amount of $75,000 to purchase the property.[2] On April 23, 2020, the trial court ruled in favor of Wilmington,

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

"This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] Her prequalification letter provided that her qualification was dependent upon the seller's payment of 6 percent or $4,500 of her closing costs and prepaid fees.

granting summary judgment and entering a judgment of possession, finding that Franklin's assertions would not defeat Wilmington's claim for possession as the purchaser of the property at the foreclosure sale. Franklin asks this court to reverse summary judgment.

Rule 56.04 of the Tennessee Rules of Civil Procedure states that a motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The standard of review following a trial court's decision on a motion for summary judgment is *de novo* with no presumption of correctness. *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 748 (Tenn. 2015) (citing *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 346 (Tenn. 2014)).

Appearing pro se, Franklin asserts that she was the owner of the property following Decedent's passing as evidenced by the quitclaim deed and by virtue of the fact that there were no claims filed against the estate concerning the property. She notes that SPS even advised her to continue making the mortgage payments and did not accelerate the loan at the time of Decedent's death. We agree that title to the property passed to Franklin upon execution of the quitclaim deed on March 1, 2010. However, pursuant to the deed of trust at issue in this case, the record owner of the property was required to make a final balloon payment on the mortgage by January 1, 2014. The record confirms that Franklin did not make this payment, thereby resulting in her default of the terms of the deed of trust.

Franklin suggests that Rushmore wrongly refused to permit her purchase of the home with her pre-approved financing as evidenced by her pre-approval letter, dated February 12, 2020. While we are sympathetic to Franklin's plight, we must hold that Wilmington is now the record owner of the property as a result of the trustee's sale, held on November 6, 2018, and as evidenced by the warranty deed. Rushmore was not required to entertain Franklin's offer of purchase following her default of the terms of the deed of trust. Accordingly, we hold that Wilmington is entitled to a judgment of possession and the ejectment of Franklin from the property.

For the reasons stated, we affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs on appeal are assessed to the appellant, Estate of Sallie L. Miller.

_____
JOHN W. MCCLARTY, JUDGE