IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 22, 2021 Session

## DARRYL WILLIAMS v. HENDERSONVILLE HOSPITAL CORPORATION D/B/A HENDERSONVILLE MEDICAL CENTER

Appeal from the Chancery Court for Sumner County
No. 2019-CV-75     Louis W. Oliver, III, Chancellor

_____

### No. M2021-00077-COA-R3-CV

_____

The plaintiff appeals from the summary judgment dismissal of his complaint against the defendant hospital pursuant to Tennessee Code Annotated section 68-11-262.[1] The trial court held, inter alia, that this court's decision in *Fowler v. Morristown-Hamblen Hospital Association*, No. E2018-00782-COA-R3-CV, 2019 WL 2571081 (Tenn. Ct. App. June 24, 2019)[2] mandated dismissal because Section 68-11-262 does not create a private right of action. The plaintiff alleges on appeal that the trial court's reliance upon *Fowler* was misplaced because his action is one for contract and therefore not dependent upon the legislature's creation of a private right of action. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and KRISTI M. DAVIS, JJ., joined.

Justin Hight, Hendersonville, Tennessee, for the appellant, Darryl Williams.

T. William A. Caldwell, Nashville, Tennessee, and Ryan C. Hardy, St. Louis, Missouri, for the appellee, Hendersonville Hospital Corporation d/b/a Hendersonville Medical

---

[1] "Each healthcare facility licensed under this chapter shall be prohibited from requiring an uninsured patient to pay for services in an amount that exceeds [175%] of the cost for the services provided, calculated using the cost to charge ratio in the most recent joint annual report."

[2] In *Fowler*, the plaintiff challenged the constitutionality of Tennessee Code Annotated Section 1-3-119, in which the legislature precluded a private right of action based upon a statute unless specifically provided for in the statute. 2019 WL 2571081, at *5–6. A panel of this court upheld Section 1-3-119 and further found that Section 68-11-262 did not create a private right of action. *Id.*

Center.

## OPINION

### I. BACKGROUND

Darryl Williams ("Plaintiff") was involved in an automobile accident with a drunk driver in 2017. He was treated at Hendersonville Hospital Corporation d/b/a Hendersonville Medical Center ("the Hospital") for his injuries. Upon his admission, he executed a document, titled, Conditions of Admission and Consent for Outpatient Care ("the Contract"), with the Hospital in which he agreed to pay his account at the rates stated in the Hospital's price list.

The Hospital presented Plaintiff, who did not have a medical insurance policy, with a bill for $17,500.07. The Hospital later agreed to accept the amount of $8,300 in full satisfaction of the bill. Meanwhile, Plaintiff accepted a settlement with the other driver under which the driver's insurer paid Plaintiff $25,000 to compensate him for his injuries. Plaintiff did not pay his medical bill. Instead, he filed this action, alleging (1) that the Hospital charged in excess of the statutory rate applicable to uninsured persons in violation of Section 68-11-262 and, in an amended complaint, (2) that the Contract was unconscionable, against public policy, and indefinite, rendering it unenforceable.

As pertinent to this appeal, the Hospital moved for summary judgment, claiming that Plaintiff was not an uninsured patient within the meaning of Section 68-11-262(b)(3), which provides as follows:

> (3) "Uninsured patient" means a person with no public or private source of payment for medical services, including, but not limited to, [M]edicare, TennCare, a contract of insurance, an employer-sponsored health plan, or other enforceable obligation under which a person is responsible for payment for healthcare services provided to the patient. . . .

Tenn. Code Ann. § 68-11-262(b)(3). The Hospital further asserted that the statute itself does not create a private right of action even if Plaintiff were an uninsured patient.[3]

---

[3] Plaintiff responded by asserting that he did not have the competency or capacity to enter into the contract due to his injuries. He further asserted that he was never explained the costs, or potential costs, for any services that he received. The court found no genuine dispute of fact concerning his competency. Plaintiff does not appear to advance this argument on appeal.

The case proceeded to a hearing on the motion for summary judgment, after which the trial court dismissed the action. Citing this court's opinion in *Fowler*, the court found that Section 68-11-262 does not create a private right of action. The court further held that Plaintiff was not an uninsured patient within the meaning of the statute as a result of his receipt of the settlement proceeds and that the contract was neither unconscionable nor against public policy. This timely appeal followed.

## II. ISSUE

The sole and dispositive issue on appeal is whether the trial court erred in its summary judgment dismissal of the action pursuant to Section 68-11-262.

## III. STANDARD OF REVIEW

Rule 56.04 of the Tennessee Rules of Civil Procedure states that a motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The standard of review following a trial court's decision on a motion for summary judgment is *de novo* with no presumption of correctness. *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 748 (Tenn. 2015) (citing *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 346 (Tenn. 2014)).

## IV. DISCUSSION

Plaintiff claims that the trial court's reliance upon *Fowler* was misplaced because his action is one for contract and therefore not dependent upon the legislature's creation of a private right of action based upon the statute. Plaintiff claimed in the trial court and now on appeal that the Contract itself violates Section 68-11-262 and is against public policy because it permits billing in excess of that allowed by statute. He suggests that Section 68-11-262 has no meaning if it does not prohibit the type of contract at issue as against public policy given the rising cost of medical care. Citing *Baugh v. Novak*, 340 S.W.3d 372, 385 (Tenn. 2011), Plaintiff asserts that Section 68-11-262 may provide the basis for finding the Contract unenforceable.

In *Baugh*, our Supreme Court provided the following guidance:

Exercising appropriate judicial restraint, the courts will decline to enforce a contract on public policy grounds only (1) when the violation of public policy is clearly established, (2) when the violation is inherent in the contract itself,

- 3 -

not collateral thereto, or when the contract's purpose taints it with illegality, and (3) when a clear public detriment will probably occur as a result of the contract or where the object of the contract tends to injure the public. The courts should be even more circumspect about declining to enforce a contract on public policy grounds when the party seeking to invalidate the contract has received the benefit of the other party's performance.

In circumstances where public policy imposes limitations on the freedom of contract, Tennessee's courts are well-advised to wield a scalpel rather than a sledgehammer. We must, if possible, interpret contracts in a way that upholds their validity. Likewise, when the provisions of a contract are legally severable, we must give effect to portions of the contract that may be enforced and invalidate only those portions of the contract that are unenforceable.

* * *

In circumstances in which the statute does not specifically invalidate a contract, the courts' task is to ascertain, by examining all relevant indicia of legislative intent, whether the General Assembly intended to invalidate all contracts that are contrary to the statute.

*Baugh*, 340 S.W.3d. at 383–84, 86 (internal citations omitted).

As noted by the trial court in this action, *Baugh* was decided before the enactment of Tennessee Code Annotated section 1-3-119(a), which provides as follows:

(a)     In order for legislation enacted by the general assembly to create or confer a private right of action, the legislation must contain express language creating or conferring the right.

The legislature did not create a private right of action in Section 68-11-262 and also did not expressly invalidate contracts for medical services that may conflict with the statute. The legislature provided for different mechanisms of enforcement, namely license revocation and sanctions, for those entities that fail to comply with Section 68-11-262. *See generally* Tenn. Code Ann. § 68-11-207 (providing certain enforcement mechanisms, namely the suspension or revocation of license and the imposition of sanctions for a violation of the statute at issue).

With these considerations in mind, we conclude that Section 68-11-262 does not include indicia that the legislature intended to invalidate such contracts like the Contract at issue here as against public policy. Accordingly, summary judgment dismissal of the action was warranted when no private right of action exists to support Plaintiff's claim.

- 4 -

The question of whether Plaintiff falls within the "uninsured patient" language of the statute is pretermitted.

## V. CONCLUSION

For the reasons stated above, we affirm the decision of the trial court. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Darryl Williams.

_____

JOHN W. MCCLARTY, JUDGE