IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE
Assigned on Briefs September 9, 2022

FILED

JAN 19 2023

Clerk of the Appellate Courts
Rec'd by

**TONY R. HEARON V. STATE OF TENNESSEE**

Appeal from the Tennessee Claims Commission
No. 0546-WC-19-0002735
William A. Young, Commissioner

No. E2022-00044-SC-R3-WC – MAILED 11/29/2022

Tony R. Hearon ("Employee") allegedly developed an occupational disease during the course and scope of his employment with the State of Tennessee ("Employer"). Employee gave notice of his injury to Employer but his claim was denied. The denial letter advised Employee that he must file a petition for benefit determination within ninety days or risk dismissal of his claim. Employee filed his petition several months after the expiration of the ninety-day period. Upon receiving a dispute certification notice dismissing his claim, Employee filed a workers' compensation complaint in the Claims Commission, which is the agency responsible for handling disputed claims of state workers. Employer moved for summary judgment, asserting Employee failed to meet the ninety-day statutory deadline. The Commissioner granted summary judgment concluding that Employee failed to timely file his petition for benefit determination and therefore failed to exhaust the benefit review process as required by statute. Employee appealed. The appeal was referred to the Special Workers' Compensation Appeals Panel ("Panel") for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment of the Commissioner.

**Tenn. Code Ann. § 50-6-225(a) (2014) (applicable to injuries occurring on or after July 1, 2014) Appeal as of Right; Judgment of the Claims Commission Affirmed**

ROGER A. PAGE, C. J., delivered the opinion of the court, in which THOMAS J. WRIGHT, SR. J., and ROY B. MORGAN, JR., SR. J., joined.

J. Timothy Bobo, Clinton, Tennessee, for the appellant, Tony R. Hearon.

Joshua R. Walker, Knoxville, Tennessee, for the appellee, State of Tennessee.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tony R. Hearon worked for the University of Tennessee-Knoxville Facilities Operations as a Compost Manager, and his ultimate employer was the State of Tennessee. In early February 2019, Employee gave notice to the Division of Claims and Risk Management ("DCRM") that he was diagnosed with pneumonitis or lung dysfunction allegedly attributable to his ongoing exposure to toxins created by the compost piles. The notice form listed Employee's date of injury as November 5, 2018, but noted that "there is no exact date or time of injury." The DCRM denied his claim on April 23, 2019. The denial letter advised Employee of his right to file a petition for benefit determination with the Bureau of Workers' Compensation. The letter warned that his case was subject to dismissal if he failed to file a petition within ninety days of the date of the denial letter. A petition for benefit determination is a request for alternative dispute resolution conducted by a mediator. Tenn. Code Ann. §§ 9-8-402(d)(1), 50-6-236. Employee did not file a petition within the ninety-day period, which ended on July 22, 2019. He was terminated from his position on June 27, 2019.

On April 6, 2020, Employee filed a petition listing the date of injury as June 27, 2019, his last day of work. The Bureau of Workers' Compensation issued a dispute certification notice on June 19, 2020, indicating the parties failed to reach an agreement at mediation and advising Employee that he had an additional ninety days to appeal to the Claims Commission, which is the agency responsible for handling disputed claims of state workers. *See id.* § 50-6-236(d)(1). Employee filed his notice of appeal on September 10, 2020, and he filed his workers' compensation complaint in the Claims Commission on October 26, 2020. Employer filed a motion for summary judgment, asserting that Employee failed to request a benefit review determination within ninety days of the DCRM's denial of his claim as required by statute. *See id.* § 9-8-402(d)(1). Employee filed a response asserting the expiration of the ninety-day period was disputed because he continued to work until June 27, 2019, and suggesting that his petition was timely because the statute of limitations did not begin to run until his last day worked based on Tennessee Code Annotated section 50-6-306(a).

The Commissioner granted Employer's motion for summary judgment concluding that no genuine issue of material fact remained for trial. The Commissioner cited the statutory mandate that no workers' compensation claim shall be filed with the Claims Commission until the benefit review process has been exhausted and Employee's acknowledgement that he did not request a benefit review determination within the initial ninety-day statutory period. *See id.* §§ 9-8-402(d)(1), (5). Employee appealed.

## II. STANDARD OF REVIEW

The standard of review for a trial court's ruling on a motion for summary judgment is de novo without a presumption of correctness. *Martin v. Powers*, 505 S.W.3d 512, 517 (Tenn. 2016) (citing *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 346 (Tenn. 2014)). Thus, our review requires "a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When the nonmoving party, rather than the moving party, bears the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis omitted). The obligation then falls upon the nonmoving party to respond and "set forth specific facts . . . showing that there is a genuine issue for trial." *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Under *Rye*, "summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." *Rye*, 477 S.W.3d at 265 (citing Tenn. R. Civ. P. 56.04, 56.06) (emphasis omitted).

### III. ANALYSIS

Employee contends that the Commissioner erred in granting Employer's motion for summary judgment based on Employee's failure to request benefit review through the process of alternative dispute resolution, pursuant to Tennessee Code Annotated section 9-8-402(d)(1) within ninety days of the DCRM's denial of his claim. Employee's argument is two-fold. First, Employee asserts that the Commissioner incorrectly interpreted the provisions of the Tennessee Claims Commission Act ("the Act"). Second, he maintains that the Commissioner erred in concluding no genuine issue of material fact existed for trial as to when the ninety-day period for seeking review expired.

Pursuant to the Act, the Claims Commission has exclusive jurisdiction over workers' compensation claims filed by state employees. Tenn. Code Ann. § 9-8-307(a)(1)(K)(i). The state employee must first give notice of the claim to the DCRM "as a condition precedent to recovery" in the Claims Commission. *Id.* § 9-8-402(a)(1). This notice must be given within the applicable statute of limitations. *See id.* § 9-8-402(b). The DCRM has ninety days to investigate the claim and either honor or deny the claim. *Id.* § 9-8-402(c). In the event the workers' compensation claim is denied, the employee

- 3 -

must request a benefit review conference (alternative dispute resolution)[1] within ninety days of receiving notice of the denial. *Id.* § 9-8-402(d)(1). If an agreement cannot be reached at mediation, the claimant shall have another ninety days from the date of issuance of a dispute certification notice to file a claim in the Claims Commission. *Id.* § 9-8-402(d)(4). Notably, the statute provides that: "No claim for workers' compensation shall be filed with the claims commission until the alternative dispute resolution process, as provided in section 50-6-236,[2] has been exhausted." *Id.* § 9-8-402(d)(5).

In this case, Employer moved for summary judgment based on Employee's failure to request a benefit review conference within ninety days of the notice of denial of his claim. Indeed, it is undisputed that Employee gave notice of injury to the DCRM in February 2019, within the statute of limitations. The DCRM denied the claim by letter dated April 23, 2019, with instructions to file a petition for benefits determination within ninety days. The ninety-day period ended on July 22, 2019. Employee conceded that he did not file a petition within this time frame.

In granting summary judgment, the Commissioner explained that he "simply cannot overlook" the plain language of the statute requiring the employee to request a benefit review determination within ninety days of the notice of the denial of the claim. The Commissioner was further persuaded by the statutory mandate requiring an employee to exhaust the benefit review process before filing a claim with the Claims Commission. Upon our own review of the statute, we agree with the Commissioner. The statute unambiguously requires the employee to file his or her petition for benefit determination within ninety days of the denial of the claim by the DCRM. *See id.* § 9-8-402(d)(1). It is undisputed that Employee failed to satisfy this statutory requirement and therefore failed to exhaust the benefit review process. *See id.* § 9-8-402(d)(5).

Despite the plain language of these sections, Employee further argues that the Commissioner failed to consider the statute of limitations provision contained in the statute.

---

[1] Various terminology is used to described the benefit review process. An employee must file a petition for benefit determination requesting alternative dispute resolution conducted by a mediator (i.e., mediation). Tenn. Code Ann. § 50-6-236. If the parties reach an impasse during mediation, a dispute certification notice will be issued indicating the benefit review process has been exhausted. Such terms may be used interchangeably in this opinion; however, all of these terms refer to the mandatory benefit review process.

[2] Section 50-6-236(d)(3)(A) (2014 & Supp. 2021) provides that:

No party is entitled to a hearing before a workers' compensation judge to determine . . . benefits or to resolve a dispute over the terms of an agreed settlement of a . . . claim, unless a . . . mediator has issued a dispute certification notice setting forth the issues for adjudication by a workers' compensation judge.

Section 9-8-402(d)(6) provides that:

> The right to compensation for an occupational disease, or a claim for death benefits as a result of an occupational disease, must be initiated within the time periods set forth in this section; provided, however, *that the applicable time limitation period or periods shall commence as of the date of the beginning of the incapacity for work resulting from an occupational disease,* or upon the date death results from the occupational disease . . . .

(Emphasis added); *see also id.* § 50-6-306(a). Employee suggests that the emphasized language indicates he was not required to file his claim until the "beginning of the incapacity for work" which, in his case, was the date he was terminated from employment. Thus, he maintains, there exists a genuine issue of material fact as to when the ninety-day period expired. We find no support for this argument within the plain language of the statute. In fact, an analogous argument was rejected by the Tennessee Court of Appeals in *Howard v. State*, No. M2020-00735-COA-R3-CV, 2021 WL 3777660 (Tenn. Ct. App. Aug. 26, 2021).

In *Howard*, the claimant failed to file a claim with the Claims Commission within the statutory ninety-day appeal period[3] but argued her claim was timely because the statute of limitations had not expired. *Id.* at *1. The Commissioner dismissed the claim, explaining that even though the statute of limitations had not expired, claimant was also required to satisfy the statutory requirements (i.e. ninety-day appeal period) to pursue a claim in the Claims Commission. *Id.* at *2. The Court of Appeals agreed, reasoning that filing within the statute of limitations "does not render the [ninety-day appeal provision] inapposite because the statutes provide separate, distinct requirements for bringing a claim of this type." *Id.* at *4. In affirming the Commissioner, the Court of Appeals concluded that the "obvious meaning" of the statute (establishing a ninety-day appeal period) is that "the timeliness requirement is mandatory in order for a claim to proceed to the Commission, as any other interpretation . . . renders [the requirement] a nullity." *Id.* at *5.

Although *Howard* is not a workers' compensation case, the Court of Appeals' interpretation of the Act provisions is persuasive. Indeed, the statute of limitation provision simply establishes the period within which an occupational disease claim must be initiated. Nothing in the statute indicates this provision relaxes or otherwise alters the deadline

---

[3] In cases such as *Howard*, where the claimant is not an employee but is seeking compensation based on a tort of the employee, the claimant must also file a claim in the Claims Commission within ninety days of the notice of denial of the claim. *See Howard v. State*, No. M2020-00735-COA-R3-CV, 2021 WL 3777660, *1. In *Howard*, the claimant got into a car accident with the employee and was seeking compensation for her own injuries from the employer. *Id.* at *2. As noted, workers' compensation cases include the mandatory benefit review process as a condition precedent to filing a workers' compensation claim with the Claims Commission.

contained in section 9-8-402(d)(1). We conclude that the Commissioner correctly interpreted these provisions.

Finally, Employee suggests that he filed his original claim prematurely because the statute of limitations period did not actually begin to run until he was terminated from his employment. Consequently, he asserts the Commissioner should have sua sponte rejected the original claim for "lack of ripeness" when it was submitted. However, the onus falls on Employee and not on the Commissioner. Furthermore, the original claim was clearly filed within the statute of limitations period after Employee learned his lung ailment could be attributable to his employment. This argument is without merit.

In summary, Tennessee Code Annotated sections 9-8-402(d)(1) and (d)(5) require a State employee to exhaust the benefit review process before filing a workers' compensation claim in the Claims Commission. The process includes the requirement of filing a petition for benefits determination within ninety days of the notice that employee's claim has been denied. In the instant case, it is undisputed that Employee failed to file his petition within the requisite time period. Accordingly, we conclude Employer was entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Commissioner. Costs are taxed to Employee, Tony R. Hearon, for which execution may issue if necessary.

_____
Roger A. Page, Chief Justice

- 6 -