# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2015 Session

## ACTION CHIROPRACTIC CLINIC, LLC v. PRENTICE DELON HYLER, ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section
Circuit Court for Davidson County
No. 12C3664     Hamilton V. Gayden, Jr., Judge**

---

### No. M2013-01468-SC-R11-CV – Filed July 1, 2015

---

Action Chiropractic Clinic, LLC brought suit against Prentice Delon Hyler and Erie Insurance Exchange to recover $5,010.00 as payment for chiropractic services. The trial court granted Erie Insurance Exchange's motion for summary judgment. We granted review to determine whether the "Assignment of Rights" to Action Chiropractic Clinic as a health care provider executed by Mr. Hyler was a proper assignment. Upon a thorough review of the record and the applicable law, we conclude that the document in this case was not an effective assignment. Accordingly, we affirm the judgment of the Court of Appeals.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which SHARON G. LEE, C.J., and CORNELIA A. CLARK, GARY R. WADE, and HOLLY KIRBY, JJ., joined.

John P. Williams, Nashville, Tennessee, for the appellant, Action Chiropractic Clinic, LLC.

Gary A. Brewer and Benjamin J. Miller, Nashville, Tennessee, for the appellee, Erie Insurance Exchange.

### OPINION

### Factual and Procedural Background

Prentice Delon Hyler ("Defendant Hyler") was injured in an automobile accident on October 24, 2011, and sought health care services from Action Chiropractic Clinic,

LLC ("the Plaintiff"). On October 31, 2011, Defendant Hyler executed an "Assignment of Rights" to the Plaintiff for "medical expense benefits allowable, and otherwise payable" to Defendant Hyler by his "Health Insurance, Auto Insurance, or any other party involved," naming Erie Insurance Exchange ("Defendant Erie") as the insurance company on the assignment. Defendant Erie was the automobile liability insurance provider for William L. Burnette, Jr., the other individual involved in the October 24, 2011 automobile accident with Defendant Hyler. Burnette is not a party to this case. On January 18, 2012, Defendant Erie received a copy of the "Assignment of Rights" that Defendant Hyler executed.

For chiropractic services rendered, Defendant Hyler incurred total fees from the Plaintiff of $5,010.00. On March 1, 2012, Defendant Erie and Defendant Hyler entered into a settlement agreement providing that Defendant Erie would pay Defendant Hyler $8,510.00 for all claims relating to the October 24, 2011 accident. As part of the settlement, Defendant Hyler executed a "General Release," releasing Defendant Erie from any other claims related to this accident. On March 6, 2012, Defendant Hyler received from Defendant Erie a check for $8,510.00 with a letter that stated:

> As previously advised, Erie does not pay medical providers or reimburse health insurance carriers directly. You will be responsible for handling any balance or reimbursements out of this settlement check.

On May 23, 2012, the Plaintiff sent a letter to Defendant Erie, demanding that Defendant Erie honor the "Assignment of Rights" executed by Defendant Hyler. The Plaintiff did not receive any payments toward Defendant Hyler's health care services from either Defendant Hyler or Defendant Erie. As a result, the Plaintiff filed suit against both Defendants in the Davidson County General Sessions Court on June 21, 2012, for the following:

> [B]reach of contract, non-payment of insurance benefits, non-payment of a properly served [and] noticed assignment of benefits or lien, non-compliance of insurance laws, failure to pay for services provided, criminal mis[]use of insurance money, theft of services, court costs, [a]ttorney's fees, service fees, private investigator fees/costs, treble damages for fraudulently absconding with insurance money, outstanding chiropractic bills totally [sic] $5,010.00.

Upon an application filed by Defendant Erie and by the consent of the Plaintiff, the case was removed to the Davidson County Circuit Court.

Defendant Erie subsequently filed a motion for summary judgment, which the trial court granted. In its ruling, the trial court determined that Defendant Hyler "had no vested rights against Erie to assign when he executed the Assignment of Rights"; "the insurance policy issued by [Defendant] Erie to Mr. Burnette required the written consent of Erie . . . prior to the assignment of any rights thereunder," and there was no evidence of such consent; "no contractual privity existed" between the Plaintiff and Defendant Erie; the Plaintiff "was merely an incidental beneficiary with no right to assert remedies properly reserved for the parties to the insurance contract"; and the suit was "a direct action against an insurance company, which is prohibited in the state of Tennessee."

The Plaintiff appealed the trial court's ruling, asserting that the document at issue was a valid assignment. The Court of Appeals affirmed the judgment of the trial court. See Action Chiropractic Clinic, LLC v. Hyler, No. M2013-01468-COA-R3-CV, 2014 WL 576010, at *7 (Tenn. Ct. App. Feb. 12, 2014). This Court granted the Plaintiff's application for permission to appeal.

## Analysis

Our standard of review of a trial court's decision on a motion for summary judgment is de novo with no presumption of correctness. Parker v. Holiday Hospitality Franchising, Inc., 446 S.W.3d 341, 346 (Tenn. 2014). Likewise, the interpretation of written contracts is a question of law that affords a de novo review with no presumption of correctness. West v. Shelby Cnty. Healthcare Corp., 459 S.W.3d 33, 42 (Tenn. 2014).

A trial court should grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Conversely, a trial court should not grant summary judgment when genuine issues or disputes of material fact are present. Parker, 446 S.W.3d at 346. A dispute of material fact is that which "must be decided in order to resolve the substantive claim or defense at which the motion is directed." Byrd v. Hall, 847 S.W.2d 208, 215 (Tenn. 1993).

The first question we must answer is whether Defendant Hyler properly assigned to the Plaintiff his rights to the proceeds of a claim with Defendant Erie.[1] "An 'assignment' is a transfer of property or some other right from one person (the 'assignor')

---

[1] The facts appear undisputed on this issue. Therefore, the resolution of this issue is a question of law. See Tenn. R. Civ. P. 56.04.

to another (the 'assignee') . . . ." 6 Am. Jur. 2d Assignments § 1 (2008); see also Alaimo Family Chiropractic v. Allstate Ins. Co., 574 S.E.2d 496, 498 (N.C. Ct. App. 2002). To determine whether a particular assignment is valid, principles of general contract law apply. See 6 Am. Jur. 2d Assignments § 1; Nashville Trust Co. v. First Nat'l. Bank, 134 S.W. 311, 314 (Tenn. 1911). [2]

In assessing a contract's construction, we first must "look to the plain language of the contract and [] ascertain and effectuate the parties' intent as reflected in that language." West, 459 S.W.3d at 41-42. In doing so, we must focus on the four corners of the document, the circumstances surrounding the formation of the contract, and the participants' actions in satisfying their obligations under the contract. Id. at 42.

When the language in the contract is clear and unambiguous, the contract's literal meaning governs the outcome of the dispute. Id. (citing Maggart v. Almany Realtors, Inc., 259 S.W.3d 700, 704 (Tenn. 2008)). We construe contractual language according to its "plain, ordinary, and popular sense." Id. (quoting Bob Pearsall Motors v. Regal Chrysler-Plymouth, Inc., 521 S.W.2d 578, 580 (Tenn. 1975)).

For an assignment to be valid, it "must contain clear evidence of the intent to transfer rights, must describe the subject matter of the assignment, must be clear and unequivocal, and must be noticed to the obligor." 6 Am. Jur. 2d Assignments § 82. Moreover, the intent of the assignor to transfer the right must be "manifest." Collier v. Greenbrier Developers, LLC, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2009) (quoting E. Allan Farnsworth, Contracts § 11.3, p. 709 (3d ed. 1999)). In determining whether the assignor has demonstrated such a manifest intent, the Court shall consider "all the circumstances, including works and other conduct." 6 Am. Jur. 2d Assignments § 82. "[A]n equitable assignment is precluded when the property subject to the equity is not definitely pointed out so that it may be distinguished and identified." Id. § 85.

---

[2] We note that, if Defendant Hyler's assignment was valid, Defendant Hyler purported to assign the *proceeds* of a potential claim to the Plaintiff and not the claim itself. Although the assignment of personal injury claims is not permitted in Tennessee, see Seymour v. Sierra, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002) ("Tennessee is not a 'direct action' state where a plaintiff can sue the liability insurance carrier of the defendant who allegedly caused the harm."), it is undecided in Tennessee whether a party may assign the *proceeds* of a potential claim.

The "Assignment of Rights" executed by Defendant Hyler on October 31, 2011, includes the following language:

> For treatment provided, I hereby require my Health Insurance, Auto Insurance, or any other party involved to pay by check and mail directly to:
>
> ACTION CHIROPRACTIC
>
> . . . .
>
> For the medical expense benefits allowable, and otherwise payable to me under the current Insurance Policy, as payment toward the total charges for Professional Services rendered. This payment will not exceed my indebtedness to the above mentioned assignee, and I agree to pay, in a current manner, any balance of said Professional Service charges over and above this insurance payment.
>
> If the current policy prohibits direct payment to the doctor, then I hereby authorize you to make the check to me and mail it directly to my doctor: c/o
>
> ACTION CHIROPRACTIC
>
> . . . .
>
> THIS IS A DIRECT ASSIGNMENT OF RIGHTS AND BENEFITS UNDER THIS POLICY AND INCLUDES ALL RIGHTS TO COLLECT BENEFITS DIRECTLY FROM THE RESPONSIBLE INSURANCE COMPANY.

At the bottom of the document, Defendant Erie's name was given as the "Name of Policy Holder."

The document in this case did not clearly assign the proceeds of Defendant Hyler's claim. There is no language whatsoever regarding proceeds of a settlement or lawsuit. Cf. Alaimo, 574 S.E.2d at 500 (determining that language of document in that case effectively assigned proceeds of claim). To the contrary, the language purports to assign insurance benefits belonging directly to Defendant Hyler.

Under the plain language of this document, the document purports to assign benefits belonging to Defendant Hyler pursuant to his own health or automobile insurance. We note that the first sentence states, "For treatment provided, I hereby

-5-

require *my* Health Insurance, Auto Insurance, or any other party involved to pay by check . . . ." (Emphasis added). Moreover, as further evidence that the document purported to assign Defendant Hyler's benefits under a policy in his name, the document states further, "For the medical expense benefits allowable, and otherwise payable to *me* under the *current* Insurance Policy, as payment toward the total charges for Professional Services rendered." (Emphasis added).

Furthermore, we note that the Erie insurance policy is a Family Auto Insurance Policy for William and Rebecca Burnette. William Burnette was the other individual involved in the automobile accident but is otherwise unrelated to Defendant Hyler. If Defendant Hyler had named his own insurance policy, any payment to Defendant Hyler under that policy in fact would be for Defendant Hyler's medical treatment. As between Defendants Hyler and Erie, however, a payment from Defendant Erie to Defendant Hyler would be for the purpose of settling a legal claim against Erie's insured (in this case, Burnette). Although such a claim might include medical treatment, Defendant Erie's payment to Defendant Hyler is not *for the purpose* of medical benefits. Given that the document as a whole refers to the insurance policies of the patient, Defendant Hyler, the act of simply naming a third party's insurance provider, Defendant Erie, does not change the overall meaning of the language in the document. Thus, we hold that the document at issue failed to effectively assign the proceeds of a claim between Defendant Hyler and Defendant Erie.[3] Accordingly, the trial court did not err in granting Defendant Erie's motion for summary judgment.

## CONCLUSION

We hold that the assignment in this case was ineffective. Therefore, the trial court properly granted Defendant Erie's motion for summary judgment. All other issues are pretermitted. Accordingly, we affirm the judgment of the Court of Appeals. Costs of this appeal are assessed to the Plaintiff and its surety, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, JUSTICE

---

[3] For purposes of this appeal, we assume, without deciding, that such an assignment would be permissible had the language of the instrument in this case been sufficiently specific and definitive.