IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2018

FILED
04/24/2018
Clerk of the
Appellate Courts

## FISHER DEZEVALLOS v. TERRY BURNS INSURANCE AGENCY, LLC

**Appeal from the Circuit Court for Davidson County**
No. 17C1246  Hamilton V. Gayden, Jr., Judge

_____

### No. M2017-02030-COA-R3-CV

_____

Appellee brought a claim against Appellant insurance agency for "unlawfully and fraudulently" withdrawing funds from Appellee's bank account and accepting premium payments on two insurance policies after Appellee allegedly cancelled his policies. Although not asserted as a claim in its general sessions summons, the circuit court, on appeal, awarded Appellee a judgment for unjust enrichment in the amount of $397.00. Because the preponderance of the evidence does not support the judgment, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;
and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Brian F. Walthart, Nashville, Tennessee, for the appellant, Terry Burns Insurance Agency, LLC.

Roger D. Baskette, Nashville, Tennessee, for the appellee, Fisher Dezevallos.

## OPINION

### I.  Background

Appellee, Fischer Dezevallos, obtained two Allstate insurance policies from the Terry Burns Insurance Agency ("Appellant"). The policies covered two of Appellee's

rental properties. In April 2015, Appellee telephoned Appellant and stated that he had obtained replacement policies from State Farm and wanted to cancel his Allstate policies. Appellant informed Appellee that he needed to submit a written notice cancelling his Allstate policies. Appellee failed to personally send the required written notification, but instructed his new State Farm agent to send the necessary information to Appellant to cancel the Allstate policies. Several months later, Appellee discovered that the Allstate policies had not been cancelled and that the premiums for the policies were still being automatically drafted from his account.

On February 14, 2017, Appellee filed a civil warrant against Appellant in the General Sessions Court of Davidson County alleging that Appellant unlawfully and fraudulently removed funds from Appellee's bank account in the amount of $3,980.00. Appellee sought "treble damages and attorneys' fees all pursuant to the Tennessee Consumer Protection Act." Additionally, Appellee sought "$10,000 in damages to [Appellee's] credit due to collection efforts." Following trial, the general sessions court ruled in favor of Appellant and dismissed Appellee's general sessions warrant. Appellee appealed the dismissal to the Davidson County Circuit Court ("trial court").

On August 28, 2017, the trial court held a bench trial. At the close of Appellee's proof, Appellant moved to dismiss Appellee's negligence and/or professional negligence claims for failure to present proof that established the applicable standard of care, or that Appellant had violated that standard. However, upon the trial court's suggestion, Appellee agreed to "amend to conform to the pleadings on the ground of unjust enrichment from commissions." Thereafter, the trial court granted Appellant's motion to dismiss as to the negligence claim but denied the motion as to unjust enrichment. Following the trial, the trial court entered a judgment against Appellant, stating in relevant part:

> Upon testimony in open court it appeared that [Appellee] failed to include an indispensable party pursuant to TRCP 19, namely Allstate Insurance Company, the court having given the [Appellee] the opportunity to non-suit, the [Appellee] chose to waive that option and proceed limiting their case to unjust enrichment only. From further testimony, the Court determined that the [Appellant] was unjustly enriched in the amount of $397.00.

Appellant appeals.

## II.    Issues

Appellant raises two issues for review as stated in its brief:

- 2 -

1. Whether the Court of Appeals' standard of review is de novo.
2. Whether the trial court erred when it awarded Plaintiff/Appellee a judgment based on the doctrine of unjust enrichment.

## III. Standard of Review

Because this case was tried by the trial court, sitting without a jury, we review the trial court's findings of fact *de novo* upon the record of the trial court with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to the trial court's conclusions of law, and our review is *de novo*. **Kelly v. Kelly**, 445 S.W.3d 685, 692 (Tenn. 2014) (citing **Armbrister v. Armbrister**, 414 S.W.3d 685, 692 (Tenn. 2013)).

## IV. Analysis

As an initial procedural argument, Appellant contends that the trial court failed to make sufficient findings of fact and conclusions of law to support its judgment for unjust enrichment. Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added). This requirement is not a "mere technicality." *See* **Hardin v. Hardin**, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting **In re K.H.**, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). In the absence of written findings of fact and conclusions of law, "this court is left to wonder on what basis the court reached its ultimate decision." **In re Estate of Oakley**, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015) (quoting **In re Christian G.**, No. W2013-02269-COA-R3JV, 2014 WL 3896003, at *2 (Tenn. Ct. App. Aug. 11, 2014)); **In re K.H.**, No. 2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." **Lovlace v. Copley**, 418 S.W.3d 1, 34 (Tenn. 2013). Additionally, findings of fact "evoke care on the part of the trial judge in ascertaining and applying the facts. Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal." **Id**. at 34-35 (internal citations and footnotes omitted). As set out in the context above, the trial court's order states only that "[f]rom further testimony, the Court determined that the [Appellant] was unjustly enriched in the amount of $397.00." The trial court did not make any findings of fact with regard to why Appellant was unjustly enriched in the amount of $397.00.

When a trial court's findings fail to satisfy Tennessee Rule of Civil Procedure 52.01, our usual course is to vacate the trial court's judgment and remand the case with directions to issue sufficient findings of fact and conclusions of law. *See, e.g.*, **Pandey v.**

*Shrivastava,* No. W2012-00059-COA-R3-CV, 2013 WL 657799, at \*5-6 (Tenn. Ct. App. Feb. 22, 2013); *Hardin*, 2012 WL 6727533, at \*5-6; *In re Connor S.L.,* No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at \*4-5, \*7 (Tenn. Ct. App. Nov. 8, 2012); *Simpson v. Fowler,* No. W2011-02112-COA-R3-CV, 2012 WL 3675321, \*4-5 (Tenn. Ct. App. Aug. 28, 2012). However, in certain cases, this Court may choose to remedy the trial court's deficient factual findings by conducting a *de novo* review of the record to determine where the preponderance of the evidence lies. *See, e.g., Ward v. Ward*, No. M2012-01184-COA-R3-CV, 2013 WL 3198157, at \*15 (Tenn. Ct. App. June 20, 2013); *see also Kendrick v. Shoemake,* 90 S.W.3d 566, 570 (Tenn. 2002) (applying de novo review when the trial court's factual findings were insufficient); *Brooks v. Brooks,* 992 S.W.2d 403, 405 (Tenn. 1999) (same). The appellate court "may 'soldier on' when the case involves only a clear legal issue, or when the court's decision is 'readily ascertainable.'" *Hanson v. J.C. Hobbs Co., Inc.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at \* 10 (Tenn. Ct. App. Nov. 21, 2012) (quoting *Simpson v. Fowler*, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at \*4 (Tenn. Ct. App. Aug. 28, 2012)); *Pandey v. Shrivastava*, 2013 WL 657799, at \*5 (Tenn. Ct. App. Feb. 22, 2013). Here, the facts are readily ascertainable from the record, and we will soldier on to determine whether Appellant was unjustly enriched.

Appellant argues that the trial court erred in awarding Appellee a judgment of $397.00 for unjust enrichment. Unjust enrichment is a quasi-contractual theory or an equitable substitute for a contract claim in which a court may impose a contractual obligation where one does not exist. *Whitehaven Cmty. Baptist Church v. Holloway,* 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's Inc. v. Dozier,* 219 Tenn. 45, 407 S.W.2d 150, 154-55 (Tenn. 1966)). Courts may also impose a contractual obligation under an unjust enrichment theory if the contract has become unenforceable or invalid and the defendant will be unjustly enriched unless the court imposes an obligation. *In re Estate of Ross*, No. M2013-02218-COA-R3CV, 2014 WL 2999576, at \*3 (Tenn. Ct. App. June 30, 2014) (citing *Paschall's,* 407 S.W.2d at 154). "The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust." *Patterson v. Patterson*, No. M2016-00886-COA-R3-CV, 2017 WL 1433310, at \*9 (Tenn. Ct. App. Apr. 20, 2017) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005)).

In this case, the insurance policy between the parties is a personal contract between the insured and the insurer. *Action Chiropractic Clinic, LLC v. Hyler*, No. M2013-01468-COA-R3CV, 2014 WL 576010, at \*6 (Tenn. Ct. App. Feb. 12, 2014), *aff'd*, 467 S.W.3d 409 (Tenn. 2015) (citing *John Weis, Inc. v. Reed,* 22 Tenn. App. 90, 118 S.W.2d 677 (Tenn. Ct. App. 1938)). The party seeking to recover relying on an unjust enrichment theory has the burden of proving it is entitled to relief. *Patterson*, 2017 WL 1433310, at \*10; *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 464 (Tenn. Ct. App. 1990); *Bokor v. Holder*, 722 S.W.2d 676, 680 (Tenn. Ct. App. 1986)). At trial, Appellee testified that he asked Hugo Organista, his State Farm agent, to send

- 4 -

Appellant information regarding his new policies and request that his Allstate policies be cancelled. The proof presented at trial shows that Mr. Organista did not send any documentation to Appellant in 2015. During the months in 2015 when premiums were still being drafted from Appellee's account for coverage with Allstate, the record is devoid of any written notification sent by Appellee or his State Farm agent to cancel the coverage provided by Allstate. Admittedly, Appellant received insurance premiums from Appellee after he obtained replacement coverage from State Farm; however, it is undisputed that for the entire period that premiums were being drafted from Appellee's account, Allstate provided insurance coverage for his two rental properties. As a result of such premium payments, Allstate was contractually obligated to pay claims for potential losses Appellee may have sustained at these properties during the period in question. As such, the benefit Appellant received in commissions in the amount of $397.00 for such coverage was not unjust. To support the trial court's award for unjust enrichment, Appellee was required to show that the commissions received by Appellant were not justified. Based upon our review of the proof, Appellee failed to make this necessary showing. Accordingly, we conclude that the preponderance of the evidence does not support the trial court's award of unjust enrichment.

### V.      Conclusion

For the foregoing reasons, we reverse the trial court's judgment. The case is remanded to the trial court for further proceedings as may be necessary and are consistent with this Opinion. Costs on the appeal are assessed against the Appellee, Fisher Dezevallos, for all of which execution may issue if necessary.


_____
KENNY ARMSTRONG, JUDGE