IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 14, 2015 Session

## JENNIFER WALDEN v. CENTRAL PARKING SYSTEM OF TENNESSEE, INC., ET AL.

Appeal from the Circuit Court for Knox County
No. 1-519-09     Dale C. Workman, Judge

No. E2014-00939-COA-R3-CV-FILED-APRIL 27, 2015

Jennifer Walden ("Plaintiff") sued Central Parking System of Tennessee, Inc. ("Central Parking") and Fort Sanders Regional Medical Center ("Fort Sanders")[1] for negligence after she allegedly suffered injuries as a result of a fall in a parking garage located in Knoxville, Tennessee. Defendants filed a motion for summary judgment. The Circuit Court for Knox County ("the Trial Court") granted defendants summary judgment after finding and holding, *inter alia*, "that no alleged fault on the part of the defendants was the cause of plaintiff's accident and injuries, that the same occurred due to her own failure to observe the open and obvious condition of the premises that was there to be seen, and that reasonable minds could not differ on this issue." We find and hold that there is a genuine disputed issue of material fact regarding whether Plaintiff's fault was greater than defendants'. We, therefore, reverse the grant of summary judgment and remand this case for further proceedings.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

David H. Dunaway and Rick A. Owens, LaFollette, Tennessee, for the appellant, Jennifer Walden.

---

[1]Plaintiff initially sued only Central Parking. Fort Sanders later was added to the suit as a third-party defendant. Plaintiff filed an amended complaint adding Fort Sanders as a defendant. By order entered June 7, 2010 the Trial Court allowed the dismissal with prejudice of Central Parking's third-party complaint against Fort Sanders, and also allowed for defendants' current counsel to be substituted as counsel of record for both Central Parking and Fort Sanders.

R. Kim Burnette and Stacie D. Miller, Knoxville, Tennessee, for the appellees, Central Parking System of Tennessee, Inc. and Fort Sanders Regional Medical Center.


**OPINION**

**<u>Background</u>**

On August 12, 2009 Plaintiff parked her vehicle in a parking garage owned by and located near Fort Sanders, and operated by Central Parking.[2] After attending an appointment nearby, Plaintiff returned to the garage and entered the fourth floor. Plaintiff fell while walking in the garage to get to her vehicle and suffered injuries to her right arm. Plaintiff filed suit against Central Parking and Fort Sanders (collectively "Defendants") for negligence in October of 2009.[3]

Discovery commenced, and Plaintiff testified during her deposition that she never had been in that garage prior to the day of the accident. The weather that day was "sunny and warm," and Plaintiff was returning to her vehicle a few minutes before noon. There was both artificial and natural light in the parking garage at that time. Plaintiff testified that as she walked toward her vehicle:

> Well, everything looked the same, and I was taking a few steps to go to my car, and all the sudden it just gave way with me. It just dropped and I didn't see the difference in the height of the drop from the step down. Everything just went out from under me. I didn't see the step down. . . . It all looked the same. I mean, I didn't see anything but gray. . . . I didn't see the step down. . . . I didn't see it. I mean, I looked. I didn't see anything that was yellow or anything, or I would have looked - - been more careful. I didn't see any yellow markings. . . . I didn't see it. It all looked the same. It looked like one level when I come through that door.

When asked, Plaintiff agreed that she was looking down where she was walking. She further stated: "It all looked the same. I'm sorry, I can't tell you why I didn't see it. I was looking. It all looked gray. It all looked the same. Maybe it was faded. I don't

---

[2]The facts discussed in this Opinion are taken largely from Plaintiff's complaint and are included solely to give context to the issue on appeal. These facts have not yet been proven and are not to be taken as conclusively established.

[3]See footnote 1.

know. Maybe it was faded too bad to see." Photographs of the scene of Plaintiff's fall were produced, but it was admitted that the photographs depict the scene from an angle and viewpoint different from the one Plaintiff would have had as she was walking toward her vehicle.

Defendants filed a motion for summary judgment. After a hearing the Trial Court entered its order on May 1, 2014 granting Defendants summary judgment after finding and holding, *inter alia*:

3. The plaintiff fell when she failed to observe that there was a step down from the curb of the landing area to the garage floor. In the opinion of the Court, the central issue for determination of the pending motion is whether the plaintiff should have seen the curb and step down. Per the plaintiff's own testimony, although it was darker in the garage than in the lobby area, she could see without difficulty, she denied being distracted, and further testified that she was looking down where she was walking. Photographs were introduced that were identified by the plaintiff as accurately representing the conditions existing at the time and place of her accident. Specifically, those photographs were Exhibits 3, 4 and 5 to the deposition of plaintiff Walden and Exhibits 2 and 3 to the deposition of Bobby Bluford, former security officer of the defendant, who also identified those photographs as fairly and accurately representing the conditions existing at the time and place of plaintiff's accident. Those photographs clearly show the presence of yellow striping on the curb and yellow striping in the no parking area immediately in front of the curb.

4. In light of the foregoing, the Court concludes that no alleged fault on the part of the defendants was the cause of plaintiff's accident and injuries, that the same occurred due to her own failure to observe the open and obvious condition of the premises that was there to be seen, and that reasonable minds could not differ on this issue. Accordingly, there is no genuine issue of material fact and defendants are entitled to judgment in their favor as a matter of law.

Plaintiff appeals the grant of summary judgment to this Court.

## Discussion

The dispositive issue in this case is whether the Trial Court erred in granting summary judgment to Defendants and dismissing Plaintiff's claims.

Because this case was filed prior to July 1, 2011, we apply the standard of review set out by our Supreme Court as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).
>
> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id.* at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id.* at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).
>
> Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would

permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

With regard to negligence our Supreme Court has instructed:

[A] negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993).

*Rice v. Sabir*, 979 S.W.2d 305, 308-09 (Tenn. 1998) (footnote omitted). In *Staples v. CBL & Assocs., Inc.*, our Supreme Court further instructed:

In negligence cases, only after the element of duty is established does the comparative fault of the plaintiff come into play. *See Coln v. City of Savannah*, 966 S.W.2d at 42. If the defendant has plead the affirmative defense of the plaintiff's relative fault, the reasonableness of the plaintiff's conduct in confronting a risk should be determined under the principles of comparative fault. *See Perez v. McConkey*, 872 S.W.2d 897, 905 (Tenn.1994). If the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that her fault was equal to or great [sic] than that of the defendants, summary judgment in the defendant's favor may be granted. *See Coln v. City of Savannah*, 966 S.W.2d at 44.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 91-92 (Tenn. 2000).

The Trial Court found that reasonable minds could not differ that the accident occurred due to Plaintiff's "own failure to observe the open and obvious condition of the premises that was there to be seen . . . ." We disagree.

Viewing the evidence in the light most favorable to Plaintiff, as we must at this summary judgment stage of the proceedings, we find that Plaintiff testified that she was looking where she was walking in the parking garage. Plaintiff specifically stated: "I was looking. It all looked gray. It all looked the same." Furthermore, the evidence shows that the photographs depicting the scene of the accident relied upon by the Trial Court were taken

from an angle and viewpoint different from the one Plaintiff had while she was walking toward her vehicle.

This is not a situation where the Plaintiff was not looking where she was walking. To the contrary, Plaintiff was, as found by the Trial Court, "looking down where she was walking" and did not see the curb and step down. A reasonable person could conclude that Plaintiff was keeping a careful lookout by "looking down where she was walking" and that despite her doing so, "the curb and step down" were not open and obvious. Thus, there is a genuine issue of material fact regarding whether Plaintiff could have or should have seen "the curb and step down" and whether any fault attributable to Plaintiff is greater than the fault of Defendants. As reasonable minds could disagree as to whether Plaintiff could have or should have seen "the curb and step down," summary judgment on the issue of comparative fault was not proper as there is a genuine disputed issue of material fact regarding whether Plaintiff's fault was greater than Defendants'. We, therefore, reverse the grant of summary judgment and remand this case for further proceedings.

### **Conclusion**

The judgment of the Trial Court granting summary judgment to Defendants is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellees, Central Parking System of Tennessee, Inc. and Fort Sanders Regional Medical Center.

_____
D. MICHAEL SWINEY, JUDGE

-6-