IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2017 Session

**SHAMEKA RUSHING v. AMISUB (SFH) INC., ET AL.**

**Appeal from the Circuit Court for Shelby County**
**No. CT-003191-14  Robert Samual Weiss, Judge**

_____

**No. W2016-01897-COA-R3-CV**

_____

This is a premises liability case.  Appellant slipped and fell in a clear liquid on the floor of the St. Francis Hospital emergency room and filed suit against the hospital.  In its answer, the hospital denied liability and alleged comparative fault on the part of Appellant and its housekeeping management service, Crothall Healthcare, Inc.  Appellant amended her complaint to name Crothall as a defendant.  Appellees filed motions for summary judgment.  The trial court granted both motions, finding that Appellant had failed to show that Appellees had actual or constructive notice of a dangerous condition.  Appellant appeals.  Discerning no error, we affirm the trial court's grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Shameka Rushing, Memphis, Tennessee, appellant, *pro se*.

W. Timothy Hayes and Joshua A. Hillis, Memphis, Tennessee, for the appellee, AMISUB (SFH), Inc. d/b/a St. Francis Hospital.

Bethany Munyan Shelton, Kansas City, Missouri, William David Darnell and Tracy Aaron Overstreet, Memphis, Tennessee, for the appellee, Crothall Healthcare, Inc.

**OPINION**

# I. Background

On or about August 23, 2013, Shameka Rushing ("Appellant") entered the St. Francis Hospital ("SFH") emergency room. As Ms. Rushing approached the registration desk, she slipped and fell in a clear liquid on the floor. Ms. Rushing alleges that she injured her back, left hip, and left ankle as a result of the fall.

On July 23, 2014, Appellant filed a complaint in the Circuit Court for Shelby County ("trial court"). Appellant's complaint averred that: (1) SFH negligently maintained the premises; (2) SFH failed to warn Appellant of the dangerous condition; and (3) SFH failed to inspect its premises to ensure that the premises were safe.

On September 2, 2014, SFH filed its answer, denying Appellant's allegations. As an affirmative defense, SFH alleged comparative fault on the part of Ms. Rushing and/or on the part of SFH's housekeeping management service, Crothall Healthcare, Inc. ("Crothall," and together with SFH, "Appellees"). On November 10, 2014, Appellant amended her complaint to name Crothall as a defendant. On December 16, 2014, Crothall filed its answer, in which it denied liability and alleged comparative fault against Appellant and SFH.[1]

On April 1, 2016, SFH filed a motion for summary judgment, arguing that Appellant "cannot carry her burden of proof at the trial of this matter as she has no proof as to how the spill was created, how long it existed or who created the spill." On April 20, 2016, Crothall filed its motion for summary judgment, in which it argued that Appellant would be unable to establish that Crothall had notice of the spill. On April 20, 2016, Appellant filed a response, wherein she averred that:

> Brenda Jones ([SFH's] Registration Clerk) and Embery Preston (Registered Nurse [and SFH employee]) admitted that the spill was sprite. They said that they had contacted the housekeeping company (Crothall Healthcare) to remove the spill. To their knowledge they thought the employees had gotten it up but apparently not. These two ladies have not been disposed by the defendants counsels [sic].

On May 24, 2016, the trial court heard the motions for summary judgment and determined that Appellant had not deposed the two SFH employees mentioned in Appellant's response, *supra*. The trial court reset the motion to July 28, 2016, thus providing Appellant an additional sixty days to conduct discovery. During the sixty days, Appellant deposed Shannon Elsea, her former attorney, and Christi Leonard, a nurse employed by SFH; neither Mr. Elsea nor Ms. Leonard witnessed the liquid on the floor or

---

[1] On August 28, 2015, the trial court granted leave to Appellant's counsel to withdraw as counsel of record; Appellant has proceeded *pro se* since that time.

Appellant's fall.

On July 28, 2016, the trial court heard the motions for summary judgment. On August 8, 2016, the trial court granted Appellees' motions for summary judgment, finding that:

> During the July 28, 2016 hearing, the Court determined that, despite the additional time granted, the Plaintiff has failed to come forward with any evidence sufficient to create a genuine issue of material fact as to whether Saint Francis [or Crothall] had notice of the presence of the liquid on the floor. Therefore, the Plaintiff's evidence is insufficient to establish an essential element of her claim, which is notice of the allegedly dangerous condition, and Saint Francis [and Crothall] [are] entitled to judgment as a matter of law.[2]

Appellant appeals.

## II. Issues

Although Appellant raises several issues in her brief, including: (1) whether the trial court erred in disregarding "material facts," such as Appellant's medical bills; (2) whether the trial court erred in granting continuances requested by Appellees; (3) whether the trial court declined to address Appellees' alleged "racial profiling and harassment" of Appellant; and (4) whether Appellees "disregarded the scheduling order," resulting in undue delay and increased costs, Appellant failed to raise these issues at trial. In fact, Appellees' motions for continuance were unopposed in the trial court.[3] It is well-settled that "a party who fails to raise an issue in the trial court waives its right to raise that issue on appeal." *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009). Accordingly, we decline to address the foregoing issues. Rather, we perceive that the sole issue for review as:

> Whether the trial court erred in granting the Appellees' respective motions for summary judgment.

## III. Standard of Review

---

[2] The trial court entered two identical orders, one adjudicating each Appellee.

[3] Appellees filed two joint motions for continuances. The first motion requested additional time and stated that the parties had not yet taken depositions because Appellees had to file a motion to compel to receive discovery from Appellant. The second motion requested additional time because counsel had a conflict with a motion date. Appellant opposed neither of the motions. The trial court granted both motions.

We first note that, while we are cognizant of the fact that Appellant represented herself throughout these proceedings, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 816, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. According to the Tennessee General Assembly:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> 1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> 2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011). Moreover,

> "[W]hen a motion for summary judgment is made [and] ... supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R.

- 4 -

Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., [Ltd. v. Zenith Radio Corp.*], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015) (emphasis in original).

## IV. Analysis

In order to prevail on a negligence claim, a plaintiff must provide evidence to establish the following elements: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty of care; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013). In premises liability actions, such as the case at bar, a premises owner's duty is to exercise "reasonable care with regard to social guests or business invitees in the premises. The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). "Liability in premises liability cases stems from superior knowledge of the condition of the premises." *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). Nonetheless, "[b]usiness proprietors are not insurers of their patrons' safety. However, they are required to use due care under all circumstances." *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)). Accordingly, due to a property owner's superior knowledge, a property owner has "the responsibility of either removing, or warning against, any dangerous condition on the premises of which the property owner is *actually aware* or *should be aware* through the exercise of reasonable diligence." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (emphasis added) (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)). As the Tennessee Supreme Court has made clear, for a plaintiff to prevail on a claim of premises liability, in addition to the elements of negligence, the plaintiff must establish that:

1) the condition was caused or created by the owner, operator, or his agent, or
2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident.

*Blair*, 130 S.W.3d at 764.

- 5 -

Here, the trial court granted Appellees' motions for summary judgment on its finding that Appellant had failed to put forth facts sufficient to show Appellees' actual or constructive notice of the liquid on the floor. The Tennessee Supreme Court defines "actual notice" as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Kirby v. Macon Co.*, 892 S.W.2d 402, 409 (Tenn. 1994). "Constructive notice" is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Parker*, 446 S.W.3d at 351 (citing *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997)). To establish constructive notice, the plaintiff must show "proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." *Blair*, 130 S.W.3d at 764. "[W]here liability is based on constructive knowledge of the dangerous or defective condition, there must be material evidence from which the trier of fact could conclude the condition existed for sufficient time and under such circumstances that one exercising reasonable care and diligence would have discovered the danger." *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 79 (Tenn. Ct. App. 1973).

In response to the motions for summary judgment, Appellant alleged that SFH employees told her that Crothall had notice of liquid on the floor, to wit:

> Brenda Williams Jones (employee witness) and Christi Leonard (ER Manager) ran out into the lobby saying that the spill was sprite and they were sorry. They mentioned that they thought the housekeeping company had gotten it up earlier [sic].[4]

Although Appellant alleges that two employees of SFH admitted that they were aware of a liquid on the floor, these witnesses were not deposed, nor were Appellant's allegations corroborated by independent witnesses. To survive summary judgment, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond… by affidavits or as [otherwise provided in Tennessee Rule of Civil Procedure 56]… 'set forth specific facts… showing that there is a genuine issue for trial.'" *Rye*, 477 S.W.3d at 265 (citing Tenn. R. Civ. P. 56.06). The only testimony in the record from an SFH employee is that of nurse Christi Leonard, who testified, in relevant part, as follows

---

[4] Appellant named Christi Leonard as an employee witness for the first time in her appellate brief. At trial, Appellant made similar allegations but named different employees:

> Ms. Brenda Jones (Registration Clerk) and Embery Preston (Registered Nurse[]) both Saint Francis employees helped me into a stretcher. They both admitted that the substance was sprite and that they thought the housekeeping company (Crothall Healthcare INC.) employees had gotten it up.

Q. Ms. [Christi] Leonard, do you have any knowledge of anything that may or may not have happened while Ms. Rushing was in the lobby of the emergency department that day?

A. I don't. My initial contact with Ms. Rushing was when I was -- when I checked her in, did her triage, and that was -- I did not witness the fall in the lobby.

Q. Did you have any notice of this fall until after it happened?

A. No. I was notified that a patient fell. And I subsequently checked her in to the emergency room.

* * *

Q. If there was any liquid on the floor out in the emergency department lobby, you would have no idea how it got there; is that correct?

A. I do not have any idea.

Q. And you would likewise, have no knowledge how long it would have been there before she fell; is that correct?

A. No idea.

* * *

Q. Okay. Simpler question: Did you ever see any liquid on the floor?

A. Not that I can recall.

Q. Okay. Then is it fair statement you don't know how long any liquid would have been on the floor if it was on the floor?

A. No idea.

Q. Do you know how it would have gotten there?

A. No idea.

Clearly, Ms. Leonard's testimony undermines Appellant's allegation that Appellees had notice of the liquid on the floor. In the absence of any proof as to the cause or source of the liquid and in the absence of any facts showing that Appellees had

actual or constructive notice of the liquid, there is simply no material evidence in the record from which the trier of fact could conclude that either Appellee, exercising reasonable care and diligence, should have discovered the liquid, or that either Appellee had actual notice of the liquid. Accordingly, we affirm the trial court's order granting summary judgment in favor of both Appellees.

## V. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such other proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Shameka Rushing. Because Ms. Rushing is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE